IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BILLY JORDAN | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:-13-CV-21-JRG-RSP |
| PANOLA 501 PARTNERS LP, ET AL. | § | |
| | § | |

**MEMORANDUM RULING**

Currently before the Court are two motions for summary judgment on related issues: (1) Defendant Panola's Motion For Summary Judgment (Dkt. No. 62) filed on April 2, 2014 and seeking summary dismissal of Plaintiff's claims for failure to comply with the Texas Medical Liability Act ("TMLA"); and (2) Plaintiff Billy Jordan's Motion For Partial Summary Judgment (Dkt. No. 64) filed on April 3, 2014 and seeking summary judgment that Plaintiff's claims are not governed by the TMLA. For the reasons that follow, the Court hereby DENIES the Defendant's motion and GRANTS the Plaintiff's motion.

The relevant facts are not in dispute for either motion. On January 12, 2011, Plaintiff Billy Jordan was employed as a bus driver by a transport company (not a defendant in this case) and tasked with picking up residents of nursing homes, such as the one operated by Defendant. On leaving the building to return to his bus, he alleges that he tripped and fell on a pallet that had been negligently left outside the nursing home in his path. What would be a straightforward premises liability claim is possibly a health care liability claim ("HCLC") because the underlying conduct occurred on the premises of a health care provider. Even though the Court has decided this issue

1

in favor of the Plaintiff in this case, it is certainly understandable why Defendant has urged the defense.

The Texas courts have struggled mightily with such issues since the Texas Supreme Court decided *Texas West Oaks Hospital v. Williams,* 371 S.W. 3d 171 (Tex. 2012). In *Williams*, an employee was suing the hospital for failing to properly train him in how to deal with violent patients, like the one that injured him in that case. Even though the claims in *Williams* were clearly related to patient care, the Court went on *in dicta* to address the alternative argument that even safety violations not directly related to provision of medical care could still be covered by the provisions of the TMLA. Additional light was shed on the matter of TMLA coverage of safety claims in the later case of *Loaisiga v. Cerda,* 379 S.W.3d 248, 256 (Tex. 2012), where the Court noted that a rebuttable presumption in favor of coverage by the TMLA arises from a claim "based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." The fact that the presumption is rebuttable shows that not all claims for safety violations against a health care provider are covered by the Act. Furthermore, the Court strongly implies that there is no coverage under the Act if the only connection between the conduct and the rendition of health care is the physical location of the conduct on the premises of a provider. *Id.*

The intermediate appellate courts have divided on how to apply *Williams* and *Loaisiga* to trip and fall cases on hospital and nursing home premises. However, this Court finds that the Texas Supreme Court would most likely apply the standard developed by several of the appellate courts and expressed well by the court in *Weatherford Texas Hospital Company v. Smart,* 423 S.W.3d 462, 467 (Tex.App.-Ft. Worth Jan. 23. 2014): "Like the majority of our sister courts that have previously addressed this issue, we hold that there must be some connection, even indirect at

best, between the safety claim and the provision of health care for the claim to fall under the TMLA's health care liability claim definition." See also *Baylor Univ. Medical Center v. Lawton*, —–S.W.3d —–, 2013 WL 6163859 (Tex.App.-Dallas Nov. 25, 2013) (holding that nurse's claim against hospital-employer for workplace injuries allegedly sustained when raw sewage began to back-up into showers and sinks at the hospital was not a health care liability claim because the gravamen of her claim was unrelated to the provision of health care); *Christus St. Elizabeth Hosp. v. Guillory*, 415 S.W.3d 900, (Tex.App.-Beaumont Nov. 14, 2013) (holding that negligence claim by hospital visitor for injuries allegedly sustained when she slipped and fell on water in hospital hallway was not a health care liability claim because there was no nexus between the plaintiff's injury and the alleged violation of an accepted standard of health care); *Doctors Hosp. at Renaissance, Ltd. v. Mejia,* No. 13–12–00602–CV, 2013 WL 4859592 (Tex.App.-Corpus Christi Aug. 1, 2013) (holding that negligence claim by hospital visitor for injuries allegedly sustained when she slipped and fell on hospital walkway was not a health care liability claim because there was no indirect relationship between this claim and health care, which the *Mejia* court held was required under *Williams*); *Good Shepherd Med. Ctr.-Linden, Inc. v. Twilley,* 422 S.W.3d 782 (Tex.App.-Texarkana Mar. 1, 2013) (holding that negligence claims by hospital employee against hospital based upon two on-the-job falls were not health care liability claims because there was no indirect relationship between this claim and health care, which the *Twilley* court held was required under *Williams* ).

Applying that standard to the undisputed facts of this case, which does not involve a patient, or even an employee of the provider, and involves a common hazard outside the facility with no relation to patient care or treatment, the Court finds that this case is not subject to the TMLA.

Accordingly, Defendant Panola's Motion For Summary Judgment (Dkt. No. 62) is DENIED, and Plaintiff Billy Jordan's Motion For Partial Summary Judgment (Dkt. No. 64) is GRANTED.

**SIGNED this 19th day of May, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE